# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMARIO EVERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18CV1705 RLW |
| ) | |
| GREYHOUND LINES, INC. and ) | |
| BARBARA BOYD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand (ECF No. 13). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Plaintiff's motion.

## Background

On August 14, 2018, Plaintiff filed a Petition in the Circuit Court of St. Louis City, Missouri alleging disability discrimination under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, *et seq.*, against his employer, Defendant Greyhound Lines, Inc. ("Greyhound") and his manager Defendant Barbara Boyd ("Boyd"). (Pet., ECF No. 5) Plaintiff alleges that Greyhound and Boyd discriminated against him by suspending Plaintiff for about a year, beginning March 2017, based on Plaintiff's perceived disability of sleep apnea. (*Id.* at ¶¶ 15-26)

Defendant Greyhound removed the case to federal court on October 5, 2018, invoking this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal, ECF No. 1) Greyhound asserts that the Court has diversity jurisdiction because Plaintiff is a citizen of Missouri, and Defendant Greyhound is a corporation organized and incorporated under

the laws of the State of Delaware and has its principal place of business in the State of Texas.. (*Id.* at ¶¶ 9-12) Further, Greyhound contends that Defendant Boyd is a citizen of Illinois. (*Id.* at ¶ 13) Finally, Greyhound argues that the damages sought by Plaintiff are greater than $75,000. (*Id.* at ¶¶ 19-26)

On November 2, 2018, Plaintiff filed a Motion for Remand, asserting that Defendants have failed to meet their burden of proving that the amount in controversy exceeds $75,000 or that diversity of citizenship exists. Thus, Plaintiff argues that federal diversity jurisdiction is absent in this cause of action such that the case should be remanded to the Circuit Court of St. Louis City, Missouri.

## Discussion

In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). Diversity jurisdiction exists where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant has the burden of proving that the prerequisites to jurisdiction are satisfied. *Branch*, 2014 WL 6461372, at *1. "A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014) (citing 28 U.S.C. § 1447(c)).

"To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* at *2 (citations omitted). "Removal statutes are strictly construed and all doubts about the propriety of removal must be resolved in favor of remand." *Jackson v. Fitness Resource Grp.*,

*Inc.*, No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citations omitted).

In removal cases, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Where as here, "the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue." *Jackson*, 2012 WL 2873668, at *2 (citations omitted).

In Plaintiff's motion for remand, memorandum in support, and reply memorandum, Plaintiff argues that Defendants have failed to show by a preponderance of evidence that the amount in controversy exceeds $75,000. Greyhound contends that the current amount in actual damages for lost wages is at least approximately $66,000 and would rise to over $106,000 should the case proceed to trial. Thus, Greyhound argues that the claim for lost wages alone exceeds the $75,000 jurisdictional threshold. Further, Greyhound claims that Plaintiff's demand for emotional distress damages and punitive damages combined with the demand for lost wages exceeds the jurisdictional amount. Thus, Greyhound asserts that it has met its burden of proving diversity jurisdiction.

Plaintiff, on the other hand, argues that the amount in controversy is determined at the time Plaintiff filed his State court petition, and any lost wages may only be calculated through April 18, 2018, as he has filed a separate charge of discrimination related to working for Greyhound from April 18, 2018 through July 11, 2018 when he was laid off. Further, Plaintiff contends that Greyhound has failed to present evidence that an award of punitive and/or

emotional distress damages would exceed the jurisdictional threshold. Finally, Plaintiff states that Greyhound continued to pay him for a period of time while he was suspended, and should the Court calculate damages past April 18, 2018, Plaintiff worked another job and anticipates returning to work with Greyhound after passing his sleep apnea test.

The Court finds that Greyhound has not met its burden of showing that the amount in controversy exceeds $75,000 such that diversity jurisdiction does not exist. First, Plaintiff claims that lost wages may only be calculated through April 18, 2018, the date he went back to work for Greyhound. (Pl.'s Mem. in Support of Mot. to Remand p. 4, ECF No. 14) Tellingly, Greyhound does not address this claim or the fact that Plaintiff filed a new charge of discrimination after he was again suspended on July 11, 2018 for not complying with the doctor's recommendation, constituting a separate incident. (*Id.* at pp. 3-4) Further, Greyhound continued to pay Plaintiff during the time he participated in a sleep study. (Pl.'s Reply Ex. 2, ECF No. 18-2)

Under Eighth Circuit law, back pay is calculated based on the difference between the value of the compensation Plaintiff would have been entitled to and the wages he earned during the relevant period. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citation omitted). Further, the relevant period runs from the date of termination, or suspension in this case, until the date of reinstatement. *Id.* Here, Greyhound's assertion that Plaintiff's Petition alleges actual damages in lost wages of at least $66,000 to a possible total of over $106,000 is speculative and fails to take into account Plaintiff's reinstatement in April, 2018 and his earnings during the relevant period.[1] The Court thus finds that the amount of damages for lost wages would be less than the requisite jurisdictional amount.

---

[1] The Petition explicitly claims that Plaintiff was suspended for about a year. (Pet. ¶ 10, ECF No. 5) Thus, Plaintiff's lost wages would amount to approximately $41,000 minus continued pay he received while undergoing the sleep study, well below the jurisdictional threshold.

Greyhound's argument that Plaintiff's claims for emotional distress damages and punitive damages push the amount in controversy over the jurisdictional threshold is equally unavailing. Defendant offers nothing but speculation and unsupported allegations that, because the MHRA provides for punitive damages and damages for emotional distress to the prevailing party, the total amount of damages would exceed $75,000. "Having the Court presume that this case involves potential damages exceeding $75,000.00 without offering one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court)." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Such speculation is insufficient to meet the defendant's burden of proof under the preponderance of the evidence standard. *Id.* Defendant's bald assertions that the nature of the relief sought is sufficient to satisfy the amount in controversy requirement fails to provide the Court with sufficient facts or evidence. *Id.* (remanding case for failure to prove the requisite federal jurisdictional amount where defendant merely alleged, "'given the seriousness of Plaintiff's allegations and nature of the relief sought (including, among other things damages for emotional distress, lost wages, front pay, back pay, and lost employment benefits)[.]'").

Therefore, the Court finds that the jurisdictional amount has not been met in this case, and the Court will remand the case to the Circuit Court of St. Louis City, Missouri. Because the amount in controversy is not satisfied under 28 U.S.C. § 1332(a), the Court will not address Defendant's arguments regarding removal based on diversity of citizenship under 28 U.S.C. § 1441(b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Barbara Boyd's Motion to Dismiss (ECF No. 11) is **DENIED** as **MOOT.**

**IT IS FINALLY ORDERED** that this case is **REMANDED** to the Twenty-Second Judicial Circuit Court, St. Louis City, State of Missouri, from which it was removed. An Order of Remand accompanies this Memorandum and Order.

Dated this 17th day of April, 2019.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**